STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. SAMUEL LEE CLARK, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 13, 1970—Decided December 28, 1970.

Before Judges SULLIVAN, LABRECQUE and GAULKIN.

*Mary Aurigemma,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. David S. Baime,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

PER CURIAM. In 1965 defendant was convicted after trial by jury of rape and of robbery. As to the rape, he was found to be subject to the Sex Offender Act, *N. J. S. A.* 2A:164–1 *et seq.,* and, pursuant to *N. J. S. A.* 2A:164–6, he was committed for treatment. Such commitment is

"until he is 'capable of making an acceptable social adjustment in the community' even though that be for the period equal to that provided by law as the maximum punishment for the crime of which he was convicted." *State v. Mickschutz,* 101 *N. J. Super.* 315, 320 (App. Div. 1968) ; *N. J. S. A.* 2A:164–8. The maximum for rape is 30 years. For the robbery defendant was sentenced to a term of five-to-seven years, consecutive to the sentence upon the rape charge.

Defendant took no appeal but in 1969 filed a petition for post-conviction relief. After hearing, the petition was denied, and defendant appeals. We affirm.

I

■■ The grounds for relief alleged in the petition were, "The verdict is contrary to the weight of the evidence. And seeking a reduction of sentence." Defendant's counsel concedes that the contention that the verdict is against the weight of the evidence is not a proper basis for post-conviction relief. However, defendant contends that "although the rules provide for review of sentences in post-conviction proceedings only when the sentence is illegal, *R.* 3 :22–2 (c), * * * *State v. Hicks,* 54 *N. J.* 390 (1969), shows that sentences which are legal but excessive may be reviewed within the post-conviction framework." Since the present attack upon the sentence basically is that it is illegal, it is not necessary for us to determine whether *State v. Hicks (supra)* does permit the review of all sentences via petitions for post-conviction relief.

At the hearing on the petition, defendant's counsel (not present counsel) stated his position to be as follows:

* * * It is the contention of the defendant, your Honor, that if the rehabilitation treatments at the Diagnostic Center are incomplete then in effect the defendant is not serving an indeterminate [sic] for the purposes of rehabilitation which the Diagnostic Center is geared for but in effect is serving a custodial sentence.

Your Honor, the petitioner requests this Court to hear from the defendant as to the type of rehabilitation that he is receiving at the Diagnostic Center.

\*          \*          \*          \*          \*          \*          \*          \*

THE COURT: All right. Anything else you want to tell me?

MR. GOLD: No, your honor.

The trial court refused counsel's request to permit defendant to testify "as to the type of rehabilitation that he is receiving," saying "[w]hat am I going to do, substitute my judgment for [that of] the rehabilitation center?" After defendant's counsel said he had nothing else to offer, the trial court dismissed the petition.

Defendant's appeal is presented to us under one point, "the failure of the court to afford the defendant a full and complete hearing on post-conviction relief constituted error." Whether the court so failed depends upon what defendant offered to prove. As we have seen, defendant offered testimony upon only one subject, the sufficiency of the treatment he was receiving. He did not contend he was not receiving treatment. To satisfy ourselves that he was in fact receiving some psychiatric treatment, we obtained copies of the records of the Diagnostic Unit at Rahway, where defendant has been confined (according to his brief) since July 1967. Those copies have been exhibited to defendant's present counsel. They show that defendant has been in group therapy since long before the filing of his petition to the present. The last report of his progress prior to the argument of this appeal was dated September 12, 1970.

■ Since defendant was receiving treatment, the trial court properly rejected the offer to prove that the treatment was not good enough. Since nothing else was offered, the hearing afforded defendant was sufficient and the petition was properly dismissed.

We note in passing that there is nothing in the record to indicate that, prior to the hearing in the trial court, the trial court (or even the State) had any notice that, under the cryptic statement in the petition "[a]nd seeking a re-

duction of sentence," defendant intended to present the issue of the quality or the sufficiency of the treatment he was receiving. More important, we know of no power in the court to entertain such a challenge. (We are not called upon, in this case, to decide what the power or the duty of this court might be if a defendant received no treatment whatsoever.) This was the reason for the court's refusal to substitute its judgment for that of the rehabilitation center, as well as for its exclusion of the proffered evidence. Such action was proper.

## II

■■ Defendant contends that it was improper to impose the fixed sentence of five-to-seven years to follow the indeterminate commitment under the Sex Offender Act. This point was not raised below but, since it challenges the legality of the sentence, we shall consider it, *R.* 3:22–2(c). Defendant admits that there is no statute or precedent that renders such sentences illegal but he argues that, since a commitment under the Sex Offender Act is for treatment and not for punishment, he should be permitted to start serving his punitive sentence at once and to receive his treatment concurrently, just as he would if he had to be treated for cancer or diabetes. We find no merit in this attack, *State v. Thompson,* 84 *N. J. Super.* 173 (App. Div. 1964); *State v. Mickschutz* (*supra*).

In *State v. Thompson* (*supra*), defendant was convicted of rape, assault with intent to rape and breaking and entering with intent to rape, all arising out of a single incident. The Diagnostic Center reported that defendant came under the purview of the Sex Offender Act and should be committed to Greystone Park, but the trial judge nevertheless sentenced him to consecutive terms to State Prison for each offense. We reversed and held that the trial court should have imposed concurrent commitments to Greystone Park for the rape and assault with intent to rape, but to State

Prison for five-to-seven years for the breaking and entering. We said: "Since hope of successful treatment is the purpose of the Sex Offender Act, the first two sentences should be concurrent. The third sentence may also be made concurrent with the second, since both offenses stem from the same factual complex; however, this is a matter for the exercise of the trial court's discretion." [84 *N. J. Super.* at 178]

In *Thompson* (*supra*), the offenses involved a single episode. *State v. Mickschutz* (*supra*), involved three separate charges of impairing the morals of minor girls. Defendant was found to come within the Sex Offender Act, and the Diagnostic Center recommended probation. The trial court rejected the recommendation and committed defendant to the Diagnostic Unit of the State Prison Farm "for an indeterminate term on each accusation * * * [to] run consecutively * * *." We held that this was proper, saying:

Defendant argues that consecutive sentences under the Sex Offender Act are prohibited. We find nothing in the statute or the cases which supports that contention. * * * Since the maximum term for each offense was three years, the trial judge doubtless felt that the period of possible confinement or parole should be nine years rather than the three years which concurrent sentences would provide, and we think that the Legislature meant to give that discretionary power to the Court * * *. [101 *N. J. Super.* at 319]

The clear import of *Thompson* (*supra*) and *Mickschutz* (*supra*) is that consecutive sentences or commitments of those found subject to the Sex Offender Act are not illegal or improper.

Assuming that *State v. Hicks* (*supra*) would permit us to reduce the sentence as excessive, we are not convinced that we should overturn the judgment of the trial court. The offenses were heinous and without a shadow of excuse. When the trial court imposed sentence, it was possible for defendant to be discharged from his sex offender commitment at a very early date, even though it was for rape. The trial court doubtless sought to guard against that by mak-

ing the robbery sentence consecutive. We cannot say that he was too harsh when he did so.

Affirmed.